UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHIGAN ELECTRICAL EMPLOYEES
HEALTH PLAN,
MICHIGAN UPPER PENINSULA
IBEW PENSION PLAN,
IBEW LOCAL 1070 APPRENTICESHIP FUND,
ROBERT KOERSCHNER
and ROBERT SCHUMAKER,
in their capacities as Trustees of the Plans,
and IBEW LOCAL 1070 DUES FUND,

      Plaintiffs,                              Case No. 2:10-CV-329

v.                                         HON. GORDON J. QUIST

J & N ELECTRIC, INC.,
and JASON NIEMI, doing business
as J & N ELECTRIC,

      Defendants.
_____/

## MEMORANDUM

Plaintiffs have filed an Affidavit in Support of Attorney's Fees, Damages, and Costs in support of their request for entry of a default judgment against Defendants. On June 13, 2011, Plaintiffs filed an affidavit stating that to the best of counsel's knowledge and belief, Defendant Jason Niemi is not a member of the military service. On June 14, 2011, the Clerk entered defaults against all Defendants.

In their supporting affidavit, Plaintiffs request that the Court enter a default judgment in the total amount of $150,528.72, consisting of $114,132.90 in delinquent contributions; $12,355.06 in interest; $20,591.76 in liquidated damages; $3,025.00 in attorney's fees; and $424.00 in costs.

Pursuant to Fed. R. Civ. P. 55(b)(1), the Clerk may enter a default judgment "[i]f the

plaintiff's claim is for a sum certain or a sum that can be made certain by computation." While most of the elements of Plaintiffs' requested default judgment are for a sum certain, courts have held that requests for attorney fees are not for a "sum certain" because the court must determine whether the fees are reasonable. *See Carter v. Macon Manor NRC, LLC*, No. 5:06-CV-00030 (OHL), 2007 WL 951419, at *2 (M.D. Ga. Mar. 27, 2007) (noting that "Rule 55(b)(1) does not allow an award of attorney fees as part of a default judgment entered by the clerk") (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)); *Int'l Union of Operating Eng'rs v. Stanley Excavation*, 243 F.R.D. 25, 27 n. 5 (D. Maine 2007) (a claim for attorneys fees prevents the clerk from entering judgment under Rule 55(b)(1)).

Accordingly, the Court has reviewed Plaintiffs' affidavit and concludes that the requested attorney's fees in the amount of $3,035.00 are reasonable. Therefore, the Court will enter a default judgment against Defendants in the total amount of $150,528.72.

Dated: November 16, 2011                                      /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE